RAMÓN MONTANER, AS MANAGER OF THE STATE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO ETC., Respondent.

No. 24. Argued December 9, 1937.—Decided March 11, 1938.

B. *Fernández García, Emilio de Aldrey,* and *Luis Negrón Fernández* for petitioner. The commission did not appear.

MR. JUSTICE WOLF delivered the opinion of the Court.

On April 30, 1937, the Manager of the State Fund issued a policy, under the Workmen's Accident Compensation Act of April 18, 1935 (Laws, p. 252), to employer Salvador Quiñones. Under the terms of the policy, the insured was assessed a premium rate of $11.15 for every $100 paid out in wages, or 11.15 per cent. The work or job to be performed by Mr. Quiñones through his employees was classified as follows:

| CODE | CLASSIFICATION | | RATE |
|------|------|------|------|
| 6306 | Sewerage System | Construction of . . . all the operations, including roads, chauffeurs and assistants. Excluding construction of tunnels, except at street intersections. | 11.15 |

The actual nature of the work is fully described in the following paragraph, taken from the decision of the Industrial Commission:

"The work that the petitioner, Mr. Salvador Quiñones, had contracted to perform was to lay along the streets of the city of Mayagüez in ditches specially opened for that purpose, vitrified clay pipes in sections two feet long each, to be connected with each other, for the purpose of discharging the fecal waters of the aforesaid city."

From the action of the Manager of the State Fund, already referred to, the employer appealed to the Industrial Commission seeking to review the rate or premium fixed by said Manager. The Commission, on September 29, 1937, decided:

" . . . . that the classification which is to comprise the insurance of the work being done in Mayagüez by Salvador Quiñones, ought not to be included within classification 6306, that is, 'Construction of Sewerage,' but under classification 6319, that is, 'Connections of Pipes.' The decision of the Manager of the State Insurance Fund is, in this sense, reversed."

After the denial of a motion for reconsideration, the Manager of the State Fund filed a petition for review. By far the most important of the issues raised is that which concerns the jurisdiction of the Industrial Commission, and consequently its power to review the inclusion by the Manager of a specific occupation within a certain classification and alter that disposition so as to include the occupation withn another and differently classified group. There are other minor errors assigned which we shall discuss at the proper juncture.

We have been somewhat delayed in reaching a decision on this case partly because the only brief filed has been on behalf of the position assumed by the Manager of the State Fund. It does not appear from the record before us that the jurisdictional matter was ever presented to the Commission.

Sections 23 and 24 of the Workmen's Accident Compensation Act, *supra*, are the ones primarily concerned

with the legal problem under consideration. The pertinent paragraphs thereof read as follows:

"Section 23.—Before May 1 of each year, it shall be the duty of the Manager of the State Insurance Fund, in the exercise of the power and discretion hereby conferred upon him, to prepare a schedule of classifications according to the occupations or industries to which this Act refers. He shall also fix for each class of occupation or industry the lowest possible premium rates, including minimum rates, consistent with the establishment of a solvent state insurance fund and the creation of a reasonable surplus, covering the period beginning on the date this Act becomes effective and continuing until July 1, 1936.

"Before July 1, 1936, and annually thereafter, it shall be the duty of the Manager of the State Insurance Fund to revise such schedule of classifications prescribed in the preceding paragraph as, in his judgment, should be revised. Such revision shall be in accordance with the underwriting experience accumulated from the beginning of the effectiveness of this Act and up to December 31 of the preceding year and such other incidental experience and the available statistics in regard to the hazards and underwriting risks in the classifications to be revised.

"    .     .     .     .     .     .     .     .     .

"Section 24.—The decisions of the Manager, fixing and regulating the premium rates for each group of occupations or industries, and the rate classification to govern each group or industry in particular, or any order increasing the premium rate for a certain employer, as provided in the preceding Section, may be reviewed by the Industrial Commission of Puerto Rico in the following manner:

"1. The employer affected may file with the Industrial Commission of Puerto Rico, at any time during the year in which the Manager's decisions are to be effective, a petition for review by said Commission of the decisions rendered by the Manager in regard to rates or premiums for one or more occupations or industries, giving the reasons why said rates or premiums should be amended; and the Manager shall be required to appear and answer said petition within a term of ten (10) days. The Commission shall give preference to the case over all other cases on the calendar, and shall proceed to render a final decision in accordance with such rules as said Commission may have promulgated.

"2. The review referred to in the foregoing paragraph shall in no way suspend the collection of the premiums or the effects of any

other provision of this Act; nor shall the courts issue writs of injunction enjoining the collection of said premiums or taxes while the case is under review.

"3. In case the decision of the Commission is in the same of reducing the rate or premium that the Manager has fixed for any class of occupation or industry, neither the Manager of the State Fund nor the Treasurer of Puerto Rico shall, in any case, be ordered to return the excess paid in premiums or taxes, but such excess, computed from the date of the filing of the petition, shall be deducted from the premiums or taxes to be collected in future from the employers filing the petitions.

"4. In case any classification is modified by an order or decree of the Commission, as herein provided, the Manager shall compute new rates, premiums, or taxes in the manner determined by the Commission for all such employer as have workmen or employees within the challenged classification or classifications; *Provided,* That said rates, premiums, or taxes shall be computed from the date on which the petition for review was filed with the Commission and shall govern only to the end of the fiscal year to which said classification or classifications pertained.

". . . . . . . . ."

If we understand the petitioner, his fundamental contention is that the Industrial Commission can only review decisions or actions of the Manager of the State Fund which have been rendered or taken pursuant to, and under, the express legislative delegation of power granted the Manager under Section 23, supra. Petitioner maintains that said section imposes the duty upon the Manager of the State Fund of (*a*) preparing a schedule of classifications according to occupations and industries, and (*b*) fixing for each class of occupation and industry a premium rate for the following year. As a result of the powers above granted, and under the provisions of Section 24, supra, the Industrial Commission can review, according to petitioner, the decisions of the Manager (1) fixing and regulating the premium rates, (2) fixing and regulating the rate classification to govern each group or industry in particular, and (3) any order increasing the premium rate for a certain employer, but not the classification.

In brief, the Manager of the State Fund spends a good deal of his argument to excluding from the above three categories of appealable decisions, that which is involved in the present case. His brief has many distinctions and interpretations, although he is inclined to admit that the Commission can "modify" any classification theretofore made by the Manager. Nevertheless he denies the power of the Commission to determine whether a certain occupation or industry has been erroneously included in a certain group classification or to say that it belongs in another group. Petitioner insists that his act of cataloguing under a certain classification work to be performed by a particular employer, is a purely administrative act and not subject to review by the Industrial Commission.

Cases are cited to support the principle that the powers of the Commission are derived exclusively from the statute. In the case before us we think the Industrial Commission, either expressly or by necessary implication, had power to review the correctness of the Manager's inclusion of the work to be done under the specific classification chosen. It seems illogical and extraordinary to maintain that a board which has such general powers as our Industrial Commission, and which has been admittedly endowed with authority to revise premium rates and modify classifications should not have the power to pass upon such a question as that under our consideration. We think that the principle expressed in 71 C.J. 921, Section 668 (G), which has been cited by the appellant himself, is strictly applicable, i.e.:

" . . . the powers of the board or commission are derived exclusively from statute and it is a tribunal of limited authority and possesses only such powers and authority as are conferred upon it by express law *or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted. . . .*" (italics ours.)

We think that the action of the Manager in the case before us was not merely administrative but involved the applica-

tion of the classifications already made and a close study of the nature of the work and risks to be encountered in the occupation for which insurance was being sought.

We have the idea that the admitted power of the Commission to regulate the premiums within a classification would include the right to vary the classification so as to reduce the premium.

In accordance with the principles already stated we think the Commission had power and hence, jurisdiction, to entertain the petition for review which the employer, Salvador Quiñones, brought before it.

The second assignment of error states that the Industrial Commission failed to promulgate rules of procedure, and thus did not comply with that portion of Section 24, supra, which reads:

". . . . The Commission shall give preference to the case over all other cases on the calendar, and shall proceed to render a final decision in accordance with such rules as said Commission may have promulgated."

We cannot see how under the above provision the Commission was bound to adopt special rules. The terms are not mandatory and it is not clear that the phrase does not refer to the general power given to the Commission under Section 6, of the same act, to "approve rules and regulations to carry out the provisions, powers, and duties prescribed for it by this Act, and to make the proceedings before it simple and summary."

■ The following error attacks the sufficiency of the allegations of the employer before the Industrial Commission to set up a cause of action. Formally the record before us does not contain these allegations. We have read the petition, as copied into the dissenting opinion of Commissioner Paz Granela, and are fully satisfied of its sufficiency, given the fact that it was the employer himself who drew it up. Certainly it was sufficient to raise the issue as to whether

the work should be classified under "No. 7520—Aqueduct" or under "No. 6319—Pipes", instead of under "No. 6306—Sewerage."

█ The next assignment raises the question of the absolute lack of presentation of evidence by the petitioner to support his case before the Industrial Commission. The record similarly fails to show this negative fact, if it is important. We think that the employer's contention needed no evidence to support it. The nature of his work was admitted and the only question to be determined was whether it had been properly classified.

As to the manifest error which the manager alleges was committed by the Commission in altering the classification, we do not agree. We are inclined to support the finding of the Commission inasmuch as the work to be performed by the employer in this case fell more properly under the heading of "Connections of Pipes" than under that of "Sewerage." Certainly we are not prepared to concede any manifest error.

The last two assignments of error need no discussion.

The decision of the Industrial Commission should, therefore, be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.